IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOETTA FRANCES BARKER,   )
                         )
    Plaintiff,          )
                         )
-vs-                     )   Civil Action No.  14-15E
                         )
CAROLYN W. COLVIN,       )
COMMISSIONER OF SOCIAL SECURITY, )
                         )
    Defendant.          )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 7) and denying Defendant's Motion for Summary Judgment. (ECF No. 9).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications in April of 2011, alleging she had been disabled since May 29, 2010. (ECF No. 6-5, pp. 2, 6). Administrative Law Judge ("ALJ"), David F. Brash, held a video hearing on September 14, 2012. (ECF No. 6-2, pp. 40-66). On October 15, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 22-35).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    ASSESSMENT OF PLAINTIFF'S MENTAL IMPAIRMENTS**

Plaintiff submits that the ALJ erred in evaluating her mental impairments. (ECF No. 8, pp. 8-26 and No. 11, pp. 3-14). Specifically, Plaintiff argues that ALJ erred in assigning her treating psychiatrist, Dr. Asha Prabhu, "little weight," while assigning the non-examining state agency psychologist, Dr. Monica Yeater, "significant weight." *Id.* Consequently, Plaintiff requests that this case be remanded.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations,

3

such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). In the present case, I find the ALJ failed to meet this standard.

The ALJ assigned "little weight" to Dr. Prabhu's opinions because Dr. Prabhu fails to provide "an explanation regarding the claimant's inconsistencies in reported symptoms,

4

medication efficacy, and indications that her major depressive disorder was only of a moderate degree. Moreover, his opinion fails to cite to specific evidence in support of his conclusions and" fails to account for her work activity during the relevant time period. (ECF No. 6-2, p. 32). Additionally, the ALJ found Dr. Prabhu's opinions to be "conclusory and the temporary disability form simply speaks to the overall issue of disability, which it (sic) reserved to the Commissioner." *Id.*

Upon review of the record, however, I find the reasons for assigning little weight to Dr. Prabhu are not borne out by the record. First, the form completed by Dr. Prabhu stating that Plaintiff would not be able to maintain regular attendance, would not be able to interact appropriately with fellow workers, and would not be able to interact appropriately with supervisors on a sustained basis (ECF No. 6-13, p. 46), indicates that the doctor's responses were based on observations of Plaintiff, Plaintiff's clinical history, and a review of the Plaintiff's treatment records, signs and symptoms. (ECF No. 6-13, p. 46). The record contained Plaintiff's treatment notes, observations and clinical history. (ECF No. 6-7, pp. 2-18 and No. 6-13, pp. 47-56). This is sufficiently specific evidence. Thus, I find this reason for assigning little weight to Dr. Prabhu's opinion to be specious, at best.

The ALJ additionally appears to assign little weight to Dr. Prabhu because of the doctor's failure to provide an explanation of Plaintiff's inconsistencies. (ECF No. 6-2, p. 32). While it is true that the earliest notes indicate relevant and goal-directed speech, intact memory, intact abstract thinking, and intact insight and judgment (ECF No. 6-7, pp. 5-6)[1], the longitudinal

---

[1] On that same initial date, Dr. Prabhu indicated that Plaintiff had a GAF score of 50-55. A GAF score is used to report an individual's overall level of functioning with respect to psychological, social, and occupational functioning. The GAF scale ranges from the lowest score of 1 to 100, the highest score possible. The GAF score considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, ("DSM–IV TR") 34 (4th ed. 2000). A GAF score between 41-50 sometimes denotes "serious symptoms (e.g., suicidal ideation…)…OR any serious impairment in social, occupational, or school functioning." *Id.* An individual with a GAF score in this range (41-50) may be "unable to keep a job." *Rios v. Commissioner of Social*

treatment records are consistent with the recurrent waxing and waning of mental illness symptoms and the assessment of major depressive disorder. Just because someone improves at times does not necessarily mean that there are inconsistencies or that Plaintiff's work related abilities/limitations improved or are adequate. It very well could mean that in her improved state, Plaintiff still had serious limitations preventing Plaintiff from working on a sustained basis.

Finally, contrary to the ALJ's conclusion, the treatment records of Dr. Prabhu acknowledge the attempted work activity by Plaintiff. (ECF No. 6-7, p. 13, 15). Thus, based on the above, I find that the ALJ has erred in this regard and remand is required.

Plaintiff also argues, for various reasons, that ALJ erred in assigning the May 17, 2011 opinion of the non-examining state agency consultant, Dr. Yeater, "significant weight." (ECF No. 8, pp. 9-13; ECF No. 11, and ECF No. 6-2, pp. 31-32). State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). Moreover, an ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012).

After a review of the record, however, I cannot say that the ALJ's reliance on Dr. Yeater's opinion (ECF No. 6-3, pp. 14-24) was proper in light of the following facts: 1) the ALJ fails to give

---

*Sec.*, 444 Fed.Appx. 532, 535, 2011 WL 4059780, *2, n.3 (3d Cir. 2011). A GAF scores of 51-60 indicate moderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g. few friends, conflicts with peers or co-workers). *See*, Diagnostic and Statistical Manual of Mental Disorders (4th ed. 2000) ("DSM-IV-TR").
While I acknowledge that GAF scores do not have a "direct correlation to the severity requirements" of the Social Security mental disorder listings, they are medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled. *Rios v. Commissioner of Social Sec.*, 444 Fed.Appx. 532, 535, 2011 WL 4059780, *2 (3d Cir. 2011), *citing*, 65 Fed.Reg. 50746–01, 50764–65 (2000). Thus, Dr. Prabhu found Plaintiff's condition to be between serious and moderate on September 1, 2010. (ECF No. 6-7, p. 6).

any explanation or reason for giving Dr. Yeater's opinion significant weight other than to summarily conclude that it is consistent with the overall record; 2) Dr. Yeater's opinion indicates that Plaintiff had no periods of work determined to be an unsuccessful work attempt, yet Plaintiff's part time employment that ended in April of 2011 was found to be an unsuccessful work attempt in the Social Security report (ECF No. 6-6, pp. 4, 13-14); and 3) Dr. Yeater's opinion was dated May 17, 2011, and does not reflect that he considered treatment record of April 28, 2011 (a record that indicates that Plaintiff no longer is working because of her depression and that Dr. Prabhu changed her medication). If Dr. Yeater were to have considered all of the records that were available at the time of the report, Dr. Yeater's opinion may be altered. The ALJ did not note these crucial factors. I also note that there has been well over a years' lapse in time with ups and downs in Plaintiff's condition, perhaps an updated additional review is warranted. Therefore, I am remanding for full and proper analysis.

## C.     CREDIBILITY ASSESSMENT

Finally, Plaintiff submits that the ALJ erred in assessing the credibility of Plaintiff. (ECF No. 8, pp. 26-28). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ attempts to use certain testimony to discredit Plaintiff. (ECF No. 6-2, pp. 22-35). Since I have found that the ALJ erred in giving little weight to Dr. Prabhu's opinions and treatment notes while giving significant weight to Dr. Yeater's opinions, his finding regarding Plaintiff's credibility simply cannot stand. *Mason v. Shalala,* 994 F.2d 1056, 1068 (3d Cir. 1993). Thus, I find remand is warranted on this issue.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOETTA FRANCES BARKER, )
 )
      Plaintiff, )
 )
  -vs- )   Civil Action No. 14-15E
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 3rd day of September, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is granted and Defendant's Motion for Summary Judgment (Docket No. 9) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

                                      BY THE COURT:

                                      s/ Donetta W. Ambrose
                                      Donetta W. Ambrose
                                      United States Senior District Judge